WRIGHT, Presiding Judge.
This is a detinue case. The trial court directed a verdict in favor of the plaintiff, First Bank of Childersburg (First Bank). It was undisputed that First Bank had a valid security interest in the automobile which is the subject matter of the lawsuit. The issue, therefore, is whether there is any merit in appellant Smith’s counterclaim of fraud and in his affirmative defense of equitable estoppel.
The record shows that Smith agreed to purchase a 1979 Cadillac from Charles Is-bell, originally a defendant in this case — later dismissed as a party due to the discharge in bankruptcy of the debt which was the basis of First Bank’s breach of contract action against him. Isbell had met with First Bank’s president, Robert M. Cleckler, Jr., for the purpose of refinancing the loan Isbell had with People’s Bank and Trust (Peoples) on the Cadillac. Cleckler agreed to the loan, sent a check to Peoples for the amount of the payoff and applied for a new title certificate for the car.
Smith was to finance his purchase of the car through Coosa Pines Federal Credit Union (Credit Union). Isbell met with Cleckler to check on the status of the title and was told First Bank was still waiting for it to be sent from Peoples. At Isbell’s request, Cleckler made a note of that fact on a copy of the title application.
Isbell and Smith met at the credit union and presented a copy of the title application to a loan officer. A check was prepared for the amount of payoff to First Bank and made payable to Isbell and Smith individually. Smith endorsed the check and gave it to Isbell. First Bank never received that payoff.
At trial, the judge instructed the jury as follows:
“I am ruling as a matter of law based on the evidence in the case that there is no evidence to support these affirmative defenses filed by the Defendant. Nor is there any evidence to support the counterclaim. In other words, it is the Court’s feelings from the evidence in the case that the Plaintiff is entitled to recover against the Defendant, if you believe the evidence in the case.”
The judge then charged the jury to return a verdict in favor of First Bank, if it believed the evidence.
The counterclaim and affirmative defenses referred to involved a charge of fraud against First Bank and a defense of equitable estoppel. Smith claimed that Cleck-ler promised to transfer title when it was received from Peoples. By retaining title upon its receipt, Smith claimed First Bank defrauded him and, on the basis of its promise to transfer title, is estopped from asserting its security interest in the Cadillac.
The trial court, in responding to a query from the jury, concisely stated the law as applied to the facts in this case:
“The ruling of the Court was that it is uncontradicted that the man financed the car with the bank [First Bank]. The bank owns the first secured interest in the car. They never released it. They haven’t been paid. They are entitled to get their car back, or its alternate value, the money or the car.... And all this other stuff, what went on between Smith and Isbell. The bank is not bound by that. And all he [Cleckler] ever did was to give them this piece of paper that says, ‘Holding for title from Peoples *1230 Bank and Trust Company of Sylacauga.’ That is not a fraud. It is the truth.”
On appeal from the granting of a directed verdict, the appellate court’s function is to view the evidence most favorably to the non-moving party, and if, by any interpretation, it could support any inference supportive of a conclusion in favor of the non-moving party, the court must reverse. Herston v. Whitesell, 374 So.2d 267 (Ala.1979).
Having so viewed the evidence most favorably to the appellant, we find it could not support any inference going toward a claim of fraud or equitable estoppel. In Alabama, the elements of fraud are: false representation, of material existing fact, relied upon by party who was damaged as a proximate result of alleged misrepresentation; if fraud is based upon a promise to perform or abstain from performing some act in the future, two additional elements to be proven are: defendant’s intention, at time of alleged misrepresentation not to do act promised, coupled with intent to deceive. P & S Business, Inc. v. South Central Bell Telephone Co., 466 So.2d 928 (Ala.1985).
First Bank made no promise that it would transfer title to the Cadillac come what may. There was no evidence introduced that Cleckler intended to deceive any party when it noted that it was awaiting title from Peoples. The position in which Smith now finds himself is unfortunate, but it is by no means the fault of First Bank.
The judgment is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.